JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ryan Abair<br><br>v.<br><br>Fashion Nova<br><br>PLAINTIFF(S)<br><br>DEFENDANT(S) | **CASE NUMBER**<br>5:25-cv-00087-JGB-DTB<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:
  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

January 24, 2025                                          /s/ [signature]
_____                                          _____
Date                                                     United States District Judge

On January 1, 2025, Plaintiff Ryan Abair ("Plaintiff"), proceeding pro se, filed a complaint against Defendant Fashion Nova ("Defendant"), alleging that Defendant "contributed to the economic deprivation and predatory theft of [her intellectual property]." ("Complaint," Dkt. No. 1 at 4, 8). On January 1, 2025, Plaintiff filed a Request to Proceed In Forma Pauperis (Dkt. No. 2) and on January 13, 2025, Plaintiff filed a request to waive court fees (Dkt. No. 12) (collectively, "IFP Requests").

A court shall dismiss an in forma pauperis case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Moreover, federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, and treaties of the United States. 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Plaintiff seems to allege that Defendant committed copyright infringement and/or intellectual property theft. (See Complaint.) "To state a claim for copyright infringement, [Plaintiff] must plausibly allege two things: (1) that [she] owns a valid copyright in [the works], and (2) that [Defendants] copied protected aspects of [Plaintiff's works]." Fisher v. Nissel, 2022 WL 16961479, at *2 (C.D. Cal. Aug. 15, 2022); 17 U.S.C. § 106. "A registered copyright certificate is prima facie evidence of a valid copyright." See Sweet People Apparel, Inc. v. Louis Grp., Inc., 2013 WL 12131735, at *3 (C.D. Cal. Jan. 31, 2013); Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002) ("[T]he registration is considered prima facie evidence of the validity of the copyright, which can be challenged by presenting evidence attacking the elements of a valid copyright, such as ownership, copyrightable subject matter, and originality"). When a complaint clearly "alleges that the designs have been registered, and that it holds all right, title and interest in the copyrighted designs; this is sufficient to allege this element of a copyright claim." See Sweet People Apparel, Inc., 2013 WL 12131735, at *3; see also Adams v. Jackson, 218 F. Supp. 2d 1006, 1011-12 (N.D. Ind. 2002) ("Jackson has not cited any statute or rule that requires, in addition to this allegation, that a reproduction of the copyright registration be attached to the complaint, and the court is aware of none. As a result, the complaint adequately pleads a violation of the Copyright Act pursuant to 17 U.S.C. § 501 and will not be dismissed").

Here, Plaintiff fails to state a cognizable copyright infringement claim against Defendant because she admits that she has not registered her work with the Copyright Office: "[T]he cost of protecting my work is staggering. To register each piece legally would run me an estimated $105,000 to $24 million -- sums that are simply unattainable for me." (See Complaint at 14.) If the art in question is not registered, a copyright infringement case cannot be pursued under the general provisions of the Copyright Act. See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC, 586 U.S. 296, 299 (2019) (". . . no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title") (citing 17 U.S.C. § 411(a)).

Further, claims alleging intellectual property theft are governed by California common law, over which the Court lacks subject matter jurisdiction. See City Solutions, Inc. v. Clear Channel Communications, 365 F.3d 835, 842 (9th Cir. 2004) (common law misappropriation is covered under the umbrella of unfair competition and is "normally invoked in an effort to protect something of value not otherwise covered by patent or copyright law, trade secret law, breach of confidential relationship, or some other form of unfair competition"). Additionally, the Court cannot evaluate whether it has diversity jurisdiction over the intellectual property theft claims because Plaintiff failed to provide any information on the citizenship of the parties. (See Complaint.) Accordingly, the Court **DENIES** Plaintiff's IFP Requests and **DISMISSES** the Complaint **WITH PREJUDICE**.

*(attach additional pages if necessary)*